PIERCE, Chief Judge.
Appellant Bert Peters appeals to this Court from an order entered by the Pinel-las County Circuit Court modifying a previous judgment of divorce.
On April 17, 1969, Catherine Peters, as plaintiff below, filed her complaint for divorce against Bert Peters, asking also for ancillary relief, including attorney’s fee and Court costs. Defendant Bert Peters did not choose to defend the action and on May 27, 1969 suffered a judgment by default to be entered against him for failure to file any defenses.
On August 18, 1969, Catherine filed motion “to enter an Order Nunc Pro Tunc, correcting and clarifying paragraph 3, of this Court’s final judgment of divorce, dated June 11, 1969”, averring therein that “paragraph 3, of the Final Judgment of Divorce provided that defendant shall pay to Michael B. Piper, plaintiff’s Attorney, the minimum St. Petersburg Bar Association’s fee for uncontested divorces, but did not set forth with particularity the exact amount of the fee.” It was further alleged that “plaintiff cannot proceed to Judgment or Contempt unless the exact amount of the attorney’s fee is set forth with particularity in the Final Judgment of Divorce, % * *»_ On January 7, 1970, the Court, after “having heard argument of Counsel and being otherwise advised in the premises, * * * ORDERED * * * that paragraph 3 of the Final Judgment of Divorce * * * which reads that defendant pay to Michael B. Piper, plaintiff’s attorney herein, the minimum St. Petersburg Bar Association fee for an uncontested divorce is hereby corrected Nunc Pro Tunc to read; that defendant pay to Michael B. Piper, plaintiff’s attorney herein, the sum of $250.00 as attorney’s fees.”
On February 5, 1970, Bert filed his notice of appeal to this Court, seeking review of the “Order Nunc Pro Tunc dated January 7, 1970”. The assignments of error filed on behalf of Peters question the propriety of the Court “in awarding attorney’s fees” to Catherine’s attorney in the absence of any allegation in her complaint or in testimony as to her “lack of ability to pay a reasonable fee” or as to her then husband’s ability to do so, and also without testimony as to whether such attorney’s fees “should be awarded.” Bert contended that such considerations left the Nunc Pro Tunc order of January 7, 1970 without support in pleading or evidence and was therefore invalid. We disagree and affirm.
There is considerable doubt in our opinion whether or not the Nunc Pro Tunc order was even appealable, a point that was previously raised on August 7, 1970, by the filing by Catherine of a motion to dismiss the appeal. We denied the motion at that *426 time, preferring to wait until final submission of the case to this Court on the merits, where a more complete record would be before us. However, because disposition on the merits is so clearly indicated, we prefer to dispose of the matter on that basis.
Consideration should be first given to the essential nature and function of a Nunc Pro Tunc motion and the effect of a Nunc Pro Tunc order. In 21 C.J.S. Courts § 227, beginning at page 422 is the following:
“An entry nunc pro tunc is an entry made now of something which was previously done, to have effect as of the former date, the function, object, or purpose of such entry being to make the record speak the truth; to supply on the record something which has actually occurred, but has been omitted from the record through inadvertence or mistake. More specifically it has been held that the purpose of a nunc pro tunc entry is to correct * * * inadvertences of counsel, or to settle defects or omissions in the record, so that it will show what actually took place.”
And in § 227e, on page 427, is the following:
“A nunc pro tunc entry correcting the records of a court relates back to the time that the entry should have been made or proceedings had, and makes valid those proceedings, to which the entry relates, but which were apparently defective.”
In the case sub judice the final judgment of divorce on June 11, 1969, “testimony having been adduced in open Court”, Bert was ordered to pay to Catherine’s attorney “the minimum St. Petersburg Bar Association fee for an uncontested divorce”, together with other items of Court costs aggregating $42.50, comprising filing fee, service of process, court reporter’s costs and recording fees. It is clear that the only reason the exact amount of the local Bar
Association’s fee for an uncontested divorce was not affirmatively inserted was because of sheer inadvertence. The amount of such minimum fee was no secret; it was a matter of common knowledge among the bench and bar; it was a matter of which the Court and counsel would take judicial notice; and it was a matter as to which no formal proof was necessary. So that when later, because Bert was apparently derelict in paying such fee to his former wife’s attorney, it was necessary, in order to enforce payment thereof through the Court processes, that the exact amount be stated, hence the filing of a Nunc Pro Tunc motion. And in disposing of such motion the Court pointedly recited that the Court had “heard argument of counsel” thereon, at which time it is presumed that any objections to clarify the original judgment so as to specify the exact amount would have been raised. It does not appear here that any such objection as so raised and it was Bert’s duty, as appellant here, to carry the burden of showing reversible error.
The order appealed from is therefore—
Affirmed.
HOBSON and McNULTY, JJ., concur.